FILED
FEB 09 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE DOW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **17CR 081** |
| | ) | MAGISTRATE JUDGE GILBERT |
| v. | ) | Violation: Title 18, United States Code, |
| | ) | Section 1343 |
| KEDAR GRATTON and | ) | |
| MARCQUIS RICE | ) | **UNDER SEAL** |

RECEIVED
FEB 0 9 2017
MICHAEL T. MASON
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

### COUNT ONE

The SPECIAL AUGUST 2015 GRAND JURY charges:

1.  At times material to this indictment:

    a. Defendant KEDAR GRATTON was a resident of Chicago, Illinois.

    b. Defendant MARCQUIS RICE was a resident of Riverdale, Illinois.

    c. Bank A was a financial institution. Bank A served members across the United States and the world, including current and former members of the military and their families.

    d. Bank A's servers were located outside of the State of Illinois.

    e. Bank A members could access their bank accounts using Bank A's mobile banking application. This mobile banking application could be downloaded to a smartphone or tablet. In order to use Bank A's mobile banking application, members needed to enter certain identifying information, including their user name or password. Once that information was entered, members could, among other things, view balance information related to their account, transfer money to or from their account, and upload checks to their account.

f.  Individual A, Individual B, Individual C, Individual D, Individual E, Individual F, and Individual G were members of Bank A.

2.  Beginning no later than in or around August 2014, and continuing until in or around January 2016, at Chicago and Riverdale, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEDAR GRATTON and
MARCQUIS RICE,

defendants herein, knowingly devised, intended to devise, and participated in a scheme to defraud and obtain money from Bank A and others by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, which scheme is further described in the following paragraphs.

3.  It was part of the scheme that defendants recruited and caused to be recruited individuals, including but not limited to Individual A, Individual B, Individual C, Individual D, Individual E, Individual F, and Individual G, in order to use their Bank A accounts for the purpose of uploading counterfeit checks.

4.  It was further part of the scheme that in recruiting Individual A, Individual B, Individual C, Individual D, Individual E, Individual F, Individual G, and others, defendants told or caused them to be told false or misleading statements regarding the reason why defendants needed access to their Bank A accounts.

5.  It was further part of the scheme that defendants caused Bank A account holders, including but not limited to Individual A, Individual B, Individual

C, Individual D, Individual E, Individual F, and Individual G, to provide certain information needed to access their Bank A accounts, including usernames, passwords, and security questions.

6. It was further part of the scheme that defendants then used, or caused others to use, this information to gain access to the accounts of Bank A account holders, including but not limited to Individual A, Individual B, Individual C, Individual D, Individual E, Individual F, and Individual G.

7. It was further part of the scheme that defendants obtained, produced, and caused to be produced counterfeited checks. These checks included account numbers and routing numbers for real bank accounts. Defendants used these account numbers and routing numbers without the knowledge or permission of the actual account holders who neither knew about nor authorized the withdrawal of funds from their accounts by defendants.

8. It was further part of this scheme that defendants used Bank A's mobile banking application to present these checks to Bank A as legitimate checks by adding false information to each check, including, but not limited to, the name of the purported maker of the check as well as the purported signature of the Bank A member into whose account the check was deposited.

9. It was further part of the scheme that defendants deposited and caused to be deposited these counterfeit checks into the accounts of Bank A account holders, including but not limited to the accounts of Individual A, Individual B, Individual C,

Individual D, Individual E, Individual F, and Individual G. These deposits were made in the Northern District of Illinois using Bank A's mobile banking application and transmitted to Bank A's servers outside of the State of Illinois.

10. It was further part of the scheme that defendants caused to be withdrawn from those same Bank A accounts proceeds of the scheme, portions of which defendants collected and kept.

11. It was further part of the scheme that defendants' actions exposed Bank A to a risk of loss and caused actual losses to Bank A.

12. It was further part of the scheme that defendants misrepresented, concealed, and hid, and caused to be misrepresented concealed, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

13. On or about June 17, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEDAR GRATTON,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication from in or around Chicago, Illinois, to a location outside of the State of Illinois, certain writings, signs, and signals, namely, the mobile deposit of a counterfeited check, bearing check number 7448, in the amount of $498.73 into Individual A's account at Bank A;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraphs 1 through 12 of Count One are incorporated here.

2. On or about June 18, 2015, at Riverdale, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEDAR GRATTON and
MARCQUIS RICE,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication from in or around Riverdale, Illinois, to a location outside of the State of Illinois, certain writings, signs, and signals, namely, the mobile deposit of a counterfeited check, bearing check number 717, in the amount of $493.45 into Individual A's account at Bank A;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1.  Paragraphs 1 through 12 of Count One are incorporated here.

2.  On or about March 18, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEDAR GRATTON,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication from in or around Chicago, Illinois, to a location outside of the State of Illinois, certain writings, signs, and signals, namely, the mobile deposit of a counterfeited check in the amount of $498.11, bearing check number 1378, into Individual B's account at Bank A;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraphs 1 through 12 of Count One are incorporated here.

2. On or about April 11, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEDAR GRATTON,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication from in or around Chicago, Illinois, to a location outside of the State of Illinois, certain writings, signs, and signals, namely, the mobile deposit of a counterfeited check, bearing check number 7213, in the amount of $498.85 into Individual C's account at Bank A;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1.  Paragraphs 1 through 12 of Count One are incorporated here.

2.  On or about April 27, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEDAR GRATTON,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication from in or around Chicago, Illinois, to a location outside of the State of Illinois, certain writings, signs, and signals, namely, namely, the mobile deposit of a counterfeited check, bearing check number 2289, in the amount of $498.12 into Individual D's account at Bank A;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraphs 1 through 12 of Count One are incorporated here.

2. On or about July 5, 2015, at Riverdale, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARCQUIS RICE,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication from in or around Riverdale, Illinois, to a location outside of the State of Illinois, certain writings, signs, and signals, namely, the mobile deposit of a counterfeited check, bearing check number 1187, in the amount of $499.26 into Individual E's account at Bank A;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SEVEN

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraphs 1 through 12 of Count One are incorporated here.

2. On or about July 14, 2015, at Riverdale, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARCQUIS RICE,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication from in or around Riverdale, Illinois, to a location outside of the State of Illinois, certain writings, signs, and signals, namely, the mobile deposit of a counterfeited check, bearing check number 4194, in the amount of $490.11 into Individual F's account at Bank A;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT EIGHT

The SPECIAL AUGUST 2015 GRAND JURY further charges:

1. Paragraphs 1 through 12 of Count One are incorporated here.

2. On or about July 14, 2015, at Riverdale, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARCQUIS RICE,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted in interstate commerce by means of a wire communication from in or around Riverdale, Illinois, to a location outside of the State of Illinois, certain writings, signs, and signals, namely, the mobile deposit of a counterfeited check, bearing check number 2667, in the amount of $495.11 into Individual G's account at Bank A;

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

The SPECIAL AUGUST 2015 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to, at least $666,631 in United States currency.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY